IN THE UNITED STATE BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In re:

ROXBY DEVELOPMENT, LLC,                        Case No: 5:23-bk-00212

Debtor in Possession.                                   Chapter 11

## MOTION OF ACTING UNITED STATES TRUSTEE
## TO DISMISS CASE FOR FAILURE TO PROVIDE PROOF OF INSURANCE

The Acting United States Trustee, John P. Fitzgerald, III, ("UST") by Shari Collias, his counsel, moves the Court to dismiss this case pursuant to 11 U.S.C. § 1112(b), and states that:

1. The debtor filed an emergency bankruptcy petition under Chapter 11 on May 1, 2023. Statements and schedules have not yet been filed with the Court. The debtor filed a motion to extend time to file its statements and schedules, as a result of which the Court entered an order on May 4, 2023 [ECF Doc No. 21] directing the debtor to file its Schedules and Statement of Financial Affairs on or before May 26, 2023.

2. The debtor is a property management company and the majority member of Roxby McLure, LLC, who is a debtor in case number 5:23-bk-00213. The debtor owns one piece of real property in Wheeling, Ohio County, West Virginia, known as the Scottish Rite Cathedral. This property is encumbered by a deed of trust in favor of the Ancient and Accepted Scottish Rite Bodies of Freemasonry of the City of Wheeling ("Scottish Rite").

3. No trustee has been appointed in this case. The debtor is currently operating as a debtor in possession with the powers, rights and duties of a trustee pursuant to *11 U.S.C. § 1107*. The Operating Order entered in this case on May 2, 2023 [ECF Doc. No. 5] required, among other things, that:

I.      INITIAL OPERATING REPORT

The Debtor in Possession shall file, within fourteen (14) days after the date of the entry of this Order, a sworn Initial Operating Report. The Initial Operating Report shall, at a minimum, state (1) the estimated costs of operation for the succeeding thirty (30) days; (2) the estimated cash balance increase or decrease or the profit or loss for the next succeeding thirty (30) days; (3) the amount of cash available for the use in the operation of the Debtor in Possession; (4) an explanation as to how the Debtor in Possession intends to fund the cost of operation for the next succeeding thirty (30) days; (5) the location, identifying number and balance of all bank accounts including those established pursuant to this Order; (6) a statement of insurance coverage giving policy numbers, carriers and amounts of coverage for general liability, automobile, worker's compensation and any other coverage in force. The Debtor in Possession shall provide a copy of this report to the Assistant U.S. Trustee at U.S. Courthouse, 300 Virginia Street East, Room 2025, Charleston, West Virginia 25301 and to the designated representative of the Creditors' Committee as soon as such Committee is formed and a representative chosen to accept such reports

4.      Consistent with the Operating Order, the United States Trustee's Chapter 11 Guidelines require, among other things, that the debtor maintain insurance coverage, and documentation regarding the existence of the coverage must be provided to the UST as early of possible in the case. The extent of coverage, must be adequate, given the circumstances of the case. Depending on the case, the debtor may be required to maintain all or a combination of fire and extended liability insurance, general liability insurance, workers compensation insurance and unemployment insurance, employee health insurance, etc.

5.      The UST conducted the Initial Debtor Interview ("IDI") by telephone in this case on May 9, 2023. Prior to the IDI, the UST requested via email that he be provided with proof that the Scottish Rite Cathedral was appropriately insured. The debtor did not provide the UST the requested proof of insurance.

6.      During the IDI, Jeffery S. Morris, representative for the debtor, advised the UST the debtor's insurance coverage for the Scottish Rite Cathedral expired on March 30, 2023, but could be renewed at a cost of $4,500. Mr. Morris did not disclose whether the expired policy was for property insurance, liability insurance, or both.

7. The UST reiterated to Mr. Morris and counsel for the debtor during the IDI that the debtor is required by the Bankruptcy Code to maintain active and appropriate insurance on all of its real and personal property. Thereafter, the UST requested via email he be provided with evidence the debtor's property, including but not limited to the Scottish Rite Cathedral, is appropriately insured, no later than 3:00 p.m. on May 10, 2023.

8. To date, the UST has not received proof the Scottish Rite Cathedral is covered by insurance of any kind. In fact, it appears the debtor does not have active property, liability and casualty insurance in place, as required. The UST has been advised that vagrants routinely access the Scottish Rite Cathedral and that the building is not property secured. For this reason alone, it is imperative the debtor obtain and provide proof of insurance to the UST in compliance with the Operating Order entered by this Court and the Bankruptcy Code.

9. On May 10, 2023, the Scottish Rite filed a motion for relief from the automatic stay [ECF Doc. No. 36]. The motion of the Scottish Rite seems to confirm the UST's conclusion there is no insurance of any kind on the Scottish Rite Cathedral. In fact, according to Exhibit E to the Scottish Rite's motion for relief from the automatic stay, the insurance policy that had been in place, expired on February 9, 2023.[1]

10. Section 1112(b)(1) of the Bankruptcy Code, provides that the court may for cause either convert a Chapter 11 case to a case under Chapter 7 or may dismiss a case, depending upon which is in the best interest of creditors and the estate.

11. The Bankruptcy Court for the District of Delaware described the Court's discretion in finding cause to grant a motion to convert or dismiss as follows:

---

[1] It should be noted these conflicts with Mr. Morris' representation to the UST at the IDI that the policy expired at the end of March, 2023.

> Courts have wide latitude in determining whether cause exists to convert or dismiss. The section provides ten enumerated examples which constitute statutory cause. However the court is not limited to the statutory examples and cause may be determined from the facts and circumstances of the case. In the Matter of Nugelt, Inc., 142 B.R. 661, 665 (Bankr. D. Del. 1992) (citations omitted).

12. This provision of the Bankruptcy Code describes a number of factors, any one of which may constitute "cause" for either the conversion of a Chapter 11 case to a Chapter 7 case or the dismissal of a Chapter 11 case in its entirety. See 11 U.S.C. § 1112(b)(4)(A)-(P), as amended, *Bankruptcy Abuse Prevention and Consumer Protection Act of 2005*, Pub. L. 109-8 ("BAPCPA"). The factors to be considered by the court include, but are not limited to, the following circumstances:

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

(B) gross mismanagement of the estate;

(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

(D) unauthorized use of cash collateral that is substantially harmful to 1 or more creditors;

(E) failure to comply with an order of the court;

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

(G) failure to attend the meeting of creditors convened under section 341(a) or any examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);

(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;

(K) failure to pay any fees or charges required under chapter 123 of title 28….

See *11 U.S.C. § 1112(b)(4)*. The list contained in section 1112(b) is not "exhaustive." See In re TCR of Denver, LLC, 338 B.R. 494, 500 (Bankr. D. Colo. 2006).

13. Congress intended BAPCPA's changes to Section 1112(b) to "make it broader, more strict as to debtors, and more encompassing." TCR of Denver, at 500.

14. There is "cause" to dismiss or convert this case under *§1112(b)(4)(A), 1112(b)(4)(B), §1112(b)(4)(J)* and *§ 1112(b)(4)(M)*. The debtor may avoid conversion or dismissal only by establishing **all** *[emphasis added]* of the following conjunctive conditions set forth in *11 U.S.C. §1112(b)(2)*:

(1) there are unusual circumstances such that dismissal or conversion is not in the best interest of creditors. [*11 U.S.C. §1112(b)(2)*]; and

(2) there is a reasonable likelihood that a plan will be confirmed within the statutory time frames established in sections 1121(e) and 1129(e). [*11 U.S.C. §1112(b)(2)(A)*] and

(3) there is a reasonable justification for the acts and omissions of the debtor, and that they will be cured within a reasonable period of time fixed by the court. [*11 U.S.C. §1112(b)(2)(B)*].

The debtor has not shown there are unusual circumstances for failure to maintain insurance and to provide the UST with proof of insurance coverage on the Scottish Rite Cathedral, in the form of a declaration page for a current property casualty and liability insurance policy which lists the UST as a notice party, nor has the debtor demonstrated there is a reasonable justification for the failure to maintain appropriate insurance, which will be cured within a reasonable period of time fixed by the Court.

15.     Upon information and belief, the debtor's property is not insured as required by the Operating Order and the Bankruptcy Code. The debtor cannot be permitted to remain in Chapter 11 without maintaining active liability and casualty insurance.

**WHEREFORE**, the United States Trustee requests that the Court enter an order dismissing this case in the event the debtor cannot obtain and produce proof of appropriate insurance, forthwith; and for such other relief as is proper.

Respectfully submitted,

JOHN P. FITZGERALD, III
Acting United States Trustee

By Counsel

/s/ *Shari Collias*
Shari Collias (WV Bar No. 4997)
Trial Attorney, Office of U.S. Trustee
United States Courthouse, Room 2025
300 Virginia Street East
Charleston, WV  25301
(304)347-3400
Shari.Collias@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on the 11th day of May 2023, I filed the **MOTION OF ACTING UNITED STATES TRUSTEE TO DISMISS CASE FOR FAILURE TO PROVIDE PROOF OF INSURANCE** with the Clerk of the Court using the CM/ECF System, which will send notice to all parties who have requested notice via CM/ECF or via regular, U.S. mail, postage pre-paid:

Salene Mazur Kraemer
*Attorney for the Debtor*
*(via electronic mail)*

Roxby Development, LLC
c/o Jeffery Morris
1200 Market Street
Wheeling, WV 26003

W. Eric Gadd
(*via electronic mail*)

David L. Delk
(*via electronic mail*)

/s/ *Shari Collias*
Shari Collias (#4997)